Michael A. Urban, OSB No. 165563
Nathan R. Ring, OSB No. 172663
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Phone: (702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
nring@theurbanlawfirm.com
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE EMPLOYEE PAINTERS' TRUST,<br><br>Plaintiffs,<br><br>v.<br><br>ALL CITY GLASS OF OREGON LLC, an Oregon Limited Liability Company; and DOUGLAS T. WELLS, an individual,<br><br>Defendants. | CASE NO:<br><br><br>**COMPLAINT [BREACH OF COLLECTIVE BARGAINING AGREEMENT AND ERISA]** |

Plaintiffs allege as follows:

## I.

## THE PARTIES

1.      Plaintiffs are the Trustees of the Employee Painters' Trust ("EPT").

2.      EPT is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA).

Page 1 - COMPLAINT

3.      International Union of Painters and Allied Trades, District Council 5 ("Union") is a labor organization with its principal office and place of business in King County, Washington, but it maintains district offices in Portland, Oregon, which is within this judicial district.

5.      Defendant ALL CITY GLASS OF OREGON , LLC ("Defendant All City") is an Oregon limited liability company. At all times material to this proceeding, Defendant All City has been an "employer" as that term is defined under 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

6.       At all times material to this proceeding, Defendant Douglas T. Wells ("Defendant Wells") has been the managing member and responsible owner of Defendant All City and is a resident of Oregon.

## II

## JURISDICTION

7.       The Court has jurisdiction over the First Claim for Relief brought by EPT against Defendant All City for violation of collective bargaining and trust agreement pursuant to the provisions of 29 U.S.C. § 1132(e)(1) and 1145 of ERISA.

8.      The Court has jurisdiction over the Second Claim for Relief brought by EPT under ERISA provisions, 29 U.S.C. §§ 1132(a)(3) and 1145.

9.      The Court has jurisdiction over the Third Claim for Relief brought by EPT under 29 U.S.C. § 1132(a)(3).

Page 2 - COMPLAINT

10.     The Court has jurisdiction over the Fourth Claim for Relief brought by EPT under 29 U.S.C. § 1132(e)(1).

11.     At all times material to this proceeding, a written collective bargaining agreement existed between the Union and Defendant All City. The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of Defendant All City affect commerce. The Court has jurisdiction over the Claims for Relief brought by Plaintiffs against Defendant All City and Defendant Wells pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

## III

## JOINDER

12.     The obligations of Defendant All City and Defendant Wells to Plaintiffs arise out of a collective bargaining agreement. Common questions of law and fact govern the claims that the Plaintiffs have against the Defendants.

## IV

## COMMON FACTUAL ALLEGATIONS

13.     At all times material to this proceeding, Defendant All City has been bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, Defendant All City agreed to be bound by the terms and conditions of the Trust Agreement that created EPT. Defendant All City further agreed to pay fringe benefit contributions on behalf of its employees performing work covered under the collective bargaining

Page 3 - COMPLAINT

agreement to EPT.  Defendant All City further agreed to file monthly remittance report forms and to pay fringe benefit contributions to EPT by the 20th day of the month following the month in which the work was performed.

14.     The Trust Agreement that created EPT provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for interest on the delinquent or late paid fringe benefit contributions from the date each contribution became due until paid in full at the rate of twelve percent (12%) per annum.

15.     The Trust Agreement that created EPT provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for liquidated damages at the rate of one percent (1%) of the unpaid contributions per month from the due date until paid in full, with liquidated damages to accrue up to 20% if delinquent for 20 months, or $100.00, whichever is greater.

## V

### FIRST CLAIM FOR RELIEF

### (Breach of CBA and Trust Agreement – Against All City)

16.     The Plaintiffs restate and reallege the above allegations as if set forth verbatim herein.

17.     Defendant All City was required to submit its monthly fringe benefit contribution reports to EPT by the 20th day of each month.  The employer has not submitted its reports for the April 2020 through June 2020 work months.

THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087 Fax: (702) 968-8088

18.     The employers' April 2020 through June 2020 work month reports remain outstanding and Defendant All City has not responded to demand from Plaintiffs for submission of its missing fringe benefit contribution reports.

19.     The current amount of unpaid contributions, liquidated damages and interest is unknown because Defendant All City has not submitted its reports.

20.     It was necessary for EPT to retain The Urban Law Firm to prosecute this action on its behalf. Under the collective bargaining agreement, trust agreement and 29 U.S.C. 1132(g)(2), EPT is entitled to collect the amount it expends in attorney's fees and costs in this action.

## VI

## SECOND CLAIM FOR RELIEF

## (Violation of 29 U.S.C. § 1145)

21.     The Plaintiffs herein restate and reallege the above allegations as if fully set forth verbatim.

22.     By failing to report and pay contributions to the Plaintiffs in accordance with the CBA and Trust Agreements, Defendant All City has violated ERISA [29 U.S.C. § 1145]. In accordance with the terms of the Labor Agreement and Trust Agreement, and pursuant to Sections 502(g)(2) and 515 of ERISA [29 U.S.C. §§1132(g)(2) and 1145], the Plaintiffs are entitled to payment of all contributions determined to be due, as well as liquidated damages, interest, attorneys' fees, and costs incurred in enforcing the terms of the CBA and Trust Agreement, and such other legal and equitable relief as the Court deems appropriate.

23.     The contract breaches and violations of ERISA identified above harm the Plaintiffs

THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087 Fax: (702) 968-8088

and place at risk the Plaintiffs' ability to provide required employee benefits to their participants and beneficiaries.

24.    The Plaintiffs are entitled to all remedies provided by ERISA as and for compensation for Defendant All City's violations of ERISA, the CBA and Trust Agreement.

## VII.

## THIRD CLAIM FOR RELIEF

### (Compelling Audit of Payroll Records Under ERISA)

25.    The Plaintiffs restate and reallege the above allegations as if set forth verbatim herein.

26.    The collective bargaining agreement and trust agreement permit EPT to conduct compliance audits of All City to ensure proper reporting to EPT.

27.    Under 29 U.S.C. 1132(a)(3), a plan fiduciary, such as the Trustees of EPT, can obtain equitable relief from a court for violations of ERISA.

28.    Under *Central States*, the U.S. Supreme Court long ago recognized the audit rights of multiemployer funds, such as EPT, to conduct contract compliance audits.

29.    It is necessary for EPT to conduct a contract compliance audit of All City to confirm all amounts actually due to EPT are being properly paid by All City.

30.    EPT requests the Court order All City to comply with a contract compliance audit under the collective bargaining agreement, trust agreement, and ERISA.

THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087 Fax: (702) 968-8088

31.     Under the collective bargaining agreement, trust agreement and ERISA, EPT is entitled to recover its attorney's fees and costs incurred in compelling this audit. This is true even when no amounts are found to be due in the audit. It has been necessary for EPT to retain The Urban Law Firm to prosecute this action on its behalf.

## VIII.

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract Against Defendants Wells)

32.     The Plaintiffs restate and reallege the above allegations as if set forth verbatim herein.

33.     The Trust Agreement that created EPT provides that in the event an employer, such as Defendant All City, fail to pay all required contributions to EPT, the president, the treasurer, and any other corporate officer who is responsible for the payment of health contributions to EPT shall be individually liable for the payment of the health contributions, liquidated damages, interest, attorneys' fees and court costs.

34.     Based on the terms of the Trust Agreement that created EPT, Defendants Wells, as the responsible officer of Defendant All City, is personally liable for the health contributions owed to EPT for the period at issue in this matter, plus liquidated damages and interest on the unpaid health contributions, with interest continuing to accrue at the rate of 12% per annum from the due date through entry of judgment, together with EPT's attorney fees and court costs incurred herein.

35.     Defendant Wells is personally responsible for payment of all contributions due on Defendant All City's missing April through June 2020 reports.

THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087 Fax: (702) 968-8088

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

1.      On the **First Claim for Relief**, requiring Defendant All City to pay the Trust Fund contributions, liquidated damages, interest and attorneys' fees and costs.

2.      On the **Second Claim for Relief**, requiring Defendant All City to pay damages under 29 USC 1132(g)(2) and 29 U.S.C. § 1145.

3.      Defendant All City is also liable to the Trust Funds under the CBA, Trust Agreement, and 29 U.S.C. 1132(g)(2) for the Plaintiffs' attorney's fees and costs incurred.

4.      On the **Third Claim for Relief,** EPT is entitled to an order compelling All City to submit its payroll and related records to EPT for completion of an audit.

5.      On the **Fourth Claim for Relief**, EPT is entitled to recover unpaid contributions, liquidated damages, interest, and attorney's fees and costs from Defendant Wells in the same amount EPT may recover from All City.

6.      Upon entry of judgment, the Plaintiffs are entitled to post-judgment interest at the highest rate allowed by law. The amount of such interest will be established by proof at trial or through dispositive motion.

THE URBAN LAW FIRM
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087 Fax: (702) 968-8088

DATED this 18th day of September 2020.

THE URBAN LAW FIRM

*/s/ Nathan R. Ring*
Michael A. Urban, OSB No. 165563
Nathan R. Ring, OSB No. 172663
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
(702) 968-8087
Fax: (702) 968-8088
murban@theurbanlawfirm.com
nring@theurbanlawfirm.com
*Attorneys for Plaintiffs*

Page 9 - COMPLAINT